UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GRACE E. MOORE GREAT-
GRANDCHILDREN TRUST
OF 2006,

    Plaintiff,

 v.

GULFPORT APPALACHIA,
LLC, *et al.*

    Defendants.

:

:

Case No. 2:24-cv-2231
Chief Judge Sarah D. Morrison
Magistrate Judge Elizabeth A.
Preston Deavers

## OPINION AND ORDER

The Grace E. Moore Great-Grandchildren Trust of 2006 filed suit against Gulfport Appalachia, LLC, and Gulfport Energy Corporation for the alleged underpayment of oil and gas royalties. (Compl., ECF No. 1.) The Trust seeks, among other relief, an accounting and an injunction preventing Gulfport from future royalty underpayments. (*Id.*) Gulfport moves to dismiss the Trust's claims for such equitable relief. (Mot., ECF No. 7.) The Trust responded (Resp., ECF No. 8) and Gulfport replied (Reply, ECF No. 14). For the reasons below, Gulfport's Partial Motion to Dismiss is **GRANTED**.

**I. BACKGROUND**

All well-pleaded factual allegations in the Complaint are considered as true for purposes of the Partial Motion to Dismiss. *See Gavitt v. Born,* 835 F.3d 623, 639–

40 (6th Cir. 2016). The following summary draws from the allegations in the Complaint and certain documents integral to and incorporated therein.

The Trust and Gulfport are parties to a Paid-Up Oil and Gas Lease dated June 5, 2013. (Compl., ¶¶ 3, 27–28; *see also* Lease, ECF No. 1-1.) The Lease allows Gulfport to perform fracking operations on the Trust's land in exchange for a 20% royalty payment, less certain enumerated costs. (Compl., ¶¶ 21, 29, 32.) The Trust filed suit, alleging that Gulfport improperly deducted other costs from its royalty payments. (*Id.*, ¶¶ 35–36, 41.) The Trust's Complaint asserts four claims: Request for Accounting, Breach of Contract, Unjust Enrichment (in the alternative to Breach of Contract), and Injunctive and Declaratory Relief. (*See id.*, *generally*.) Gulfport now moves to dismiss the Trust's claims for an accounting and for injunctive relief. (Mot.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

2

> Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly,* 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

### III.   ANALYSIS

#### A.   The Trust fails to state a claim for equitable accounting.

Gulfport first moves to dismiss the Trust's claim for equitable accounting. Equitable accounting "is a species of disclosure, predicated upon the legal inability of a plaintiff to determine how much, if any, money is due him from another." *Bradshaw v. Thompson*, 454 F.2d 75, 79 (6th Cir. 1972). To state a claim for equitable accounting, a plaintiff must allege (1) fraud, (2) either a fiduciary or trust relationship, and (3) necessity. *See Sabre Energy Corp. v. Gulfport Energy Corp.*, No. 2:19-cv-5559, 2021 WL 2779157, at *4 (S.D. Ohio July 2, 2021) (Graham, J.); *Moore Family Trust v. Jeffers*, 225 N.E3d 548, 559 (Ohio Ct. App. 2023). Gulfport

3

argues that the Trust's Complaint fails to allege facts sufficient to support a claim for equitable accounting. As to the second element, the Court agrees.[1]

A fiduciary relationship exists when "special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *Ed Schory & Sons, Inc. v. Soc. Nat'l Bank*, 662 N.E.2d 1074, 1081 (Ohio 1996); *see also Strock v. Pressnell*, 527 N.E.2d 1235, 1243 (Ohio 1988) (defining a fiduciary as one with "a duty, created by his undertaking, to act primarily for the benefit of another in matters connected with his undertaking"). Absent special circumstances, an arm's-length commercial transaction does not establish a fiduciary relationship. *Mulch Mfg., Inc. v. Advanced Polymer Sols., LLC*, 947 F. Supp. 2d 841, 865–66 (S.D. Ohio 2013) (Sargus, J.) (further citation omitted). The Complaint alleges only an arm's-length relationship between the Trust and Gulfport. It does not allege any special circumstances that might give rise to a fiduciary relationship. *Cf., Kovach v. Access Midstream Partners, L.P.*, No. 5:15-CV-616, 2016 WL 1162061, at *10 n.6 (N.D. Ohio Mar. 23, 2016) (collecting cases in which courts have found that an oil-and-gas lease does not create a fiduciary relationship). The Trust does not argue otherwise.[2]

---

[1] Because the Court finds that the Complaint fails to allege a fiduciary relationship, it need not evaluate whether the allegations constitute fraud or whether an accounting is necessary.

[2] The Trust relies heavily on *Cunningham Prop. Mgmt. Trust v. Ascent Res. Utica, LLC*, 351 F. Supp. 3d 1056, 1065–66 (S.D. Ohio 2018) (Sargus, J.). But in that case, only necessity (the third element of a claim for equitable accounting) was disputed. *Id.* (stating that the parties disagreed as to "whether an adequate remedy at law exists").

4

### B. The Trust fails to state a claim for injunctive relief.

The Trust also seeks to enjoin Gulfport from making improper royalty deductions in the future. (Compl., ¶ 63.) A permanent injunction is "an extraordinary remedy in equity where there is no adequate remedy available at law." *Garono v. State*, 524 N.E.2d 496, 498 (Ohio 1988) (citation omitted). A party seeking a permanent injunction must establish that (i) irreparable injury will occur without the injunction; (ii) remedies at law are inadequate to compensate for the injury; (iii) an equitable remedy is warranted; and (iv) the public interest would not be disserved by the injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 388 (2006). Gulfport moves to dismiss the Trust's claim for injunctive relief because it has not plausibly alleged irreparable injury in the absence of an injunction. (Mot., PAGEID # 49–50.) The Court agrees.

An injury is irreparable only "if it is not fully compensable by monetary damages." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002). The Trust argues that money damages will only compensate for its injuries through the date of judgment, and an injunction is necessary to prevent further damage. But, in doing so, the Trust acknowledges that the nature of such future damage is economic. (Resp., PAGEID # 57 ("the Plaintiff will suffer ongoing economic damage unless Gulfport is stopped from improperly calculating the royalties going forward").) Although economic harm can, in rare circumstances, be irreparable, *see, e.g., Basicomputer Corp. v. Scott*, 973 F.2d 507, 511–12 (6th Cir. 1992) (explaining that the loss of customer goodwill, though economic in nature,

5

"often amounts to irreparable injury because the damages flowing from such losses are difficult to compute"), the Trust neither alleges nor argues that any such circumstance applies here.

## IV. CONCLUSION

For these reasons, Gulfport's Partial Motion to Dismiss (ECF No. 7) is **GRANTED**. Gulfport's claims for an equitable accounting and for injunctive relief are **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

6